# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4008-22
A-4012-22

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

A.L. and W.L., SR.,[1]

     Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF W.L., JR.,
a minor.

_____

         Submitted September 10, 2024 – Remanded September 25, 2024
         Resubmitted January 31, 2025 – Decided February 7, 2025

         Before Judges Gilson and Augostini.

---

[1] We use initials and fictitious names to protect the confidentiality of the record and the privacy interests. See R. 1:38-3(d)(12).

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Mercer County, Docket No. FG-11-0002-22.

Jennifer N. Sellitti, Public Defender, attorney for appellant A.L. (Daniel A. DiLella, Designated Counsel, on the briefs).

Jennifer N. Sellitti, Public Defender, attorney for appellant W.L., Sr. (Dianne Glenn, Designated Counsel, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Wesley Hanna, Deputy Attorney General, on the briefs).

Jennifer N. Sellitti, Public Defender, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Melissa R. Vance, Assistant Deputy Public Defender, of counsel and on the briefs).

PER CURIAM

This opinion supplements our decision issued on September 25, 2024, N.J. Div. of Child Prot. & Permanency v. A.L., A-4012-22 (App. Div. Sept. 25, 2024), remanding the matter to the trial court for the limited purpose of addressing whether any of W.L.'s (Warren) sisters were available or appropriate for kinship legal guardianship (KLG) of W.L., Jr. (Wayne). Having previously affirmed the trial court's decision as to A.L. (Anita), this supplemental decision focuses solely on Warren. Based upon our review of the trial court's

2

supplemental decision and record on remand, we affirm the judgment terminating Warren's parental rights to Wayne.

I.

We incorporate by reference our prior decision. Anita and Warren are the biological parents of Wayne, who is approximately four and a half years old and the subject of this appeal. Wayne has been in the care and custody of the Division of Child Protection and Permanency (DCPP or the Division) for over four years. He has been in the same resource home nearly his entire life, and the resource parent is committed to adopting Wayne.

In our prior opinion, we found no basis to disturb the trial court's decision as to prongs one, two, or four of the four-prong best interests of the child test under N.J.S.A. 30:4C-15.1(a) as to Warren. However, as to the second part of prong three, alternatives to termination of parental rights, we were not satisfied that the Division had fully considered Warren's sisters as potential resources. Thus, we remanded the matter to the trial court for the limited purpose of holding a hearing and providing supplemental findings as to whether any of Warren's sisters were available and appropriate for KLG of Wayne.

3

We further directed that following the hearing, Warren was to file and serve a letter stating whether he wished to continue this appeal, and if so, he was permitted to submit an appendix and brief, limited to no more than ten-pages, addressing part two of prong three of N.J.S.A. 30:4C-15.1(a)(3). In a letter dated January 15, 2025, Warren's attorney advised that Warren wished to submit a post-remand supplemental brief, and counsel "determined that conformance with RPC 1.1 and RPC 1.3 requires the submission of the supplemental brief to the court."

On January 21, 2025, Warren's attorney submitted a supplemental brief and appendix, urging us to reverse the trial court's order terminating parental rights and remand the matter for further protective services proceedings. Warren argues that the Division's "peremptory application of an '[Adoption and Safe Families Act] ASFA disqualifier'" as to one of Warren's sisters, U.G., "undermined the sufficiency of the evidence to support the trial court's legal conclusion" that alternatives to termination had been fully explored and ruled out. Warren further argues that this error prevented the court from properly considering a relative, who presented as a viable alternative to termination of parental rights.

A-4008-22

On January 31, 2025, the Division and the child's attorney (the law guardian) submitted supplemental briefs and appendices supporting affirmance of the August 10, 2023, judgment terminating Warren's parental rights.

II.

Following our limited remand, the trial court held a hearing on December 12, 2024. The Division called one witness, Rani Baten (Baten), a caseworker for the Division. No testimony or documentary evidence was presented by either the law guardian or Warren. Warren did not appear for the remand hearing, although his counsel appeared.

On January 10, 2025, the court issued a written supplemental decision with its findings of fact and conclusions of law consistent with our September 25, 2024, opinion. Finding the witness credible, the court summarized Baten's testimony. Baten explained the Division's renewed efforts to locate Warren's sisters. Unable to contact Warren, the Division contacted Warren's former spouse and obtained contact information for one of Warren's sisters, V.T. Baten testified that the Division successfully reached five of Warren's seven sisters: U.G., V.T., E.T., A.K., and C.R. One of Warren's sisters had passed away, and one of the sisters did not respond. Baten testified that the Division ultimately assessed Warren's seven sisters.

A-4008-22

On November 8, 2024, a Zoom meeting was held with five of the seven sisters. The five sisters are estranged from defendant, and they advised Baten that they were unaware that Wayne was in the Division's custody. All but one of the sisters advised the Division that they did not want to be assessed as potential caregivers for Wayne but would like to have contact with Wayne through his resource parent.

One of the sisters, U.G., expressed a desire to be considered. However, Baten testified that U.G.'s spouse, L.G. with whom she resided, has a federal criminal conviction for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) in the United States District Court for the Western District of Tennessee on July 6, 2018. L.G. provided Baten with a copy of a judgment of conviction. Baten testified that this conviction disqualified U.G. and her husband as potential caregivers under AFSA. 42 U.S.C. § 671(a)(20)(A)(ii); see also, N.J.S.A. 30:4C-26.8; N.J.A.C. 3A:51-5.4(a)(8).

Baten testified that she was unable to reach one of Warren's sisters despite numerous attempts. Warren's adult daughters were also contacted again and ruled out as potential resources.

The trial court found that the Division had proven by clear and convincing evidence the second part of prong three of the best interest of the child standard. N.J.S.A. 30:4C-15.1(a)(3). Thus, the court concluded that it is in Wayne's best interests to terminate Warren's parental rights, thereby freeing Wayne for adoption by his resource parent. The trial court's findings are supported by substantial credible evidence, and we discern no basis for reversing the court's ruling.

Warren contends the trial court "ceded its authority" to make a determination regarding U.G. and her spouse as potential caregivers by "blindly accepting" that U.G. was disqualified due to her spouse's criminal conviction. In other words, Warren argues that the Division or the court should have inquired as to whether U.G. would agree to placement without licensure and a stipend as either a resource or kinship legal guardian. This argument was not raised before the trial court and is therefore not properly before us. State v. Robinson, 200 N.J. 1, 19 (2009); R. 2:10-2.

Nonetheless, there is no dispute that U.G.'s spouse has a recent criminal conviction for a drug offense and has completed his sentence for this offense within the past five years. N.J.S.A. 30:4C-26.8; N.J.A.C. 3A:51-5.4(a)(8). This offense is a nonwaivable disqualifier pursuant to N.J.S.A. 30:4C-26.8(e)(3),

which states that "a person shall be disqualified from being a resource family parent if" . . . " . . . any adult residing in that person's household was convicted of a drug-related crime . . . ." Warren's contention that the case should be remanded, and the protective services litigation reinstated until the determination of U.G.'s administrative appeal is without merit and serves only to delay permanency for Wayne.

Moreover, Warren's assertion is speculative. There was no evidence that U.G. wanted custody without the financial or other support of the Division. More importantly, this legal arrangement lacks permanency for Warren. Further, for U.G. to become a kinship legal guardian, she must be licensed. Thus, U.G. would not be eligible as a kinship legal guardian for five years from the "date of termination of [L.G.'s] court-ordered supervision through probation, parole, or residence in a correctional facility, whichever date occurs last." N.J.S.A. 30:4C-26.8(e). We discern no error in the court's determination that the Division properly ruled out U.G. based on her spouse's criminal conviction.

Based upon our review of the court's supplemental decision, we see no reason to disturb the court's sufficient findings under prong three of the best interests of the child standard and the court's determination that termination of Warren's parental rights will not do more harm than good. We are satisfied the

court's determination comports with Wayne's best interests. Thus, we affirm the August 10, 2023, judgment terminating Anita's and Warren's parental rights to Wayne.

Affirmed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION